IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DONALD LEE WICKER, #1335780 | § | |
| VS. | § | CIVIL ACTION NO. 4:07cv425 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner, an inmate confined in the Texas prison system, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636 ( c).

Background

Petitioner is complaining about his Collin County conviction for sexual assault, Cause Number 219-82251-04. On October 7, 2005, a jury found him guilty of the charge as indicted, enhanced with three prior felony convictions. He was sentenced to thirty-five years of imprisonment. On April 26, 2006, the Fifth Court of Appeals affirmed his conviction, *Wicker v. State*, No. 05-05-01469-CR , 2005 WL 2852842 (Tex. App.–Dallas, April 26.2006, pet. ref'd). The Texas Court of Criminal Appeals (CCA) refused his Petitioner for Discretionary Review on August 30, 2006, PDR No. 0692-06. On April 25, 2007, the CCA denied Petitioner's state writ of habeas corpus without written order based on the trial court's findings without a hearing.

Petitioner filed the present petition, alleging ten grounds for relief. Specifically, he alleges that he is entitled to relief because:

1

1. Trial counsel was ineffective when he

   a. failed to investigate;

   b. failed to hire a DNA expert witness

   c. failed to object;

   d. failed to file pre-trial motions; and

   e. failed to inform Petitioner of the plea offer;

2. His due process rights were violated when

   a. the State did not test the evidence;

   b. he was denied free copies of his trial record; and

   c. he was denied appointment of counsel to assist in obtaining DNA testing;

3. The evidence is insufficient to support his conviction; and

4. He is actually innocent.

The Attorney General provided a Response, asserting that Petitioner's claims are without merit.

Petitioner did not file a Reply.

## Statement of Facts

Summarized below are the facts of the case:

> Justine McKinney was sexually assaulted by Donald Lee Wicker ("Appellant") after he offered her a ride home when her car broke down. On September 5, 2004, Justine's car broke down on her way home from picking up her fiancé. Her fiancé walked home to get help, but Justine stayed with the car because she had recently had knee surgery and could not walk the distance. Appellant, a tow-truck driver, drove by a short time later and offered her a ride home. He did not take her straight home, however, but instead drove to answer several service calls. Justine began to get scared about his intentions and attempted to use his two-way radio to call for

> help, but she could not operate the radio. Appellant then parked in an empty parking lot and told her, "I'll take you home if you let me do what I want.." They struggled as he tried to pull her head to his penis, then he slapped her face and pushed aside her underwear to insert his penis in her vagina. He penetrated her sexual organ several times, although he was not fully erect and she was not certain if he ejaculated. After assaulting her, Appellant drove her back to her home and told her to call him if her boyfriend "wasn't doing the job right."

State's Brief at *2 in *Wicker v. State*, No. 05-05-01469-CR, 2005 WL 2852842.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United

States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06, 120 S. Ct. 1519-20. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411, 120 S. Ct. at 1522-23. Rather, that application must be objectively unreasonable. *Id.*, 529 U.S. at 409, 120 S. Ct. at 1521. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner

4

applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404, 120 S. Ct. at 1518. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

## Ineffective Assistance of Counsel

In numerous grounds for relief, Petitioner claims that his trial counsel was ineffective.

<u>Legal Standard</u>

A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a habeas corpus petitioner must show that "counsel's representation fell below an objective standard

5

of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

Failure to Investigate

Petitioner claims that he is entitled to relief because his trial counsel "failed to investigate the facts, the alleged scene of the crime, or the alleged victim." He contends that counsel failed to investigate and prepare for trial when he failed to get a DNA expert to examine the "spot" on the tampon and the pubic hair recovered from the tampon.

A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). Petitioner states only that his attorney "never

investigated or talked to no one" and "never visited or investigated the scene and had no pictures to help the defense." He presents no evidence in support of his contentions. He does not state with specificity what further investigation would have revealed or how it would have altered the outcome of the trial. *Id.* Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982).

Furthermore, "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). The presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984). Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Petitioner has failed to show that, had counsel further investigated, he would have found an expert witness to support the defense, that such witness was available, and had counsel located and called this expert witness, his or her testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Petitioner has provided no evidence that, but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. This issue lacks merit.

Failure to Get DNA Expert

Petitioner asserts that his trial counsel was ineffective for failing to obtain a DNA expert to conduct a DNA test to analyze the hair found on the victim's tampon and to test Petitioner's tow truck seat for blood.

Initially, the Court notes that the CCA discussed this issue in Petitioner's state writ of habeas corpus.

(d)     Hairs contained on the tampon and a feminine napkin she was wearing the next day were examined. None of the hairs matched a sample provided by Applicant with examination under a microscope. No spermatozoa or semen were found on any of the victim's clothing.

(e)     A DNA profile showed that the tampon found in the parking lot was the victim's.

(f)     Applicant's trial counsel, Lee Salas, vigorously examined the police investigator about the procedures he used to conclude neither blood nor seminal fluid could be found in the tow truck or on the victim's clothing.

(g) Trial counsel also effectively communicated to the jury that, while DNA evidence confirmed the tampon was the victim's, no DNA evidence connected Applicant to the victim.

(h) Applicant's attorney effectively cross-examined the State's witnesses regarding the investigation of the case, and further laboratory testing or investigation of the crime scene could not have provided results more exculpatory to Applicant.

(i) Applicant has not established counsel performed deficiently, different results could have been achieved had counsel performed differently, or that he is actually innocent of the offense.

*Ex parte Wicker*, Application No.20,004-03 at 71-72. The CCA denied relief without written order based on the findings of the trial court without a hearing, constituting an adjudication on the merits. *Singleton*, 178 F.3d at 384; *Ex parte Torres*, 943 S.W.2d at 472. Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. State court findings supported by the record are owed deference by a federal district court. *Pondexter*, 346 F.3d at 149-152. Furthermore, as noted by the CCA, further DNA testing would not have been helpful to Petitioner's case as there was no DNA evidence connecting him to the victim. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Additionally, he has failed to prove that there is a

reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068.

Failure to Object and File Pre-Trial Motions

Petitioner contends that his counsel was ineffective for failing to object on several issues. Specifically, he says that counsel's failure to object to the State's failure to test and process "key evidence" and to file the "appropriate motions to defend against" the victim's claims, resulted in a violation of his due process rights.

Initially, the Court notes that counsel filed a motion in limine concerning the introduction of extraneous offenses. Petitioner fails to identify any additional specific motions that counsel should have filed. He has provided only his self-serving conclusory claim. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Additionally, the record shows that counsel lodged numerous objections during trial. However, a failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight,

but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; 104 S. Ct. at 2066.

Petitioner does not direct the Court to any part of the record showing where counsel should have objected. He does not show that such objections, if made, would have been sustained. It has already been determined that further DNA testing would not have been helpful to Petitioner's case as there was no DNA evidence connecting him to the victim. He has failed to show deficient performance or that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, 466 U.S. at 694; 104 S. Ct. at 2068.

Failure to Notify Petitioner of Plea Offer

Petitioner asserts that his trial counsel was ineffective by failing to timely notify him of a plea offer. However, there is no evidence in the record that a plea offer existed. Petitioner has offered no evidence of such a plea offer, other than his self-serving conclusory allegations. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. He has failed to show deficient performance or that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. This issue is without merit.

## Due Process Rights

Petitioner contends that his due process rights were violated in various instances. The Due Process Clause provides the guarantee of fair procedure related to a constitutionally protected interest. *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed.2d 100 (1990). Due process guarantees that a government actor cannot deprive a person of a constitutionally protected

interest in life, liberty, or property without adequate procedural protections. *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S.532, 533, 105 S. Ct. 1487, 1489, 84 L. Ed.2d 494 (1985). The key to a procedural due process claim is whether the petitioner was afforded the quantity of process to which he was constitutionally entitled prior to the deprivation of a protected interest. *Id*.

State's Failure to Test Truck Seat

Petitioner claims that his due process rights were violated when the State did not test the tow truck seat for blood even though the victim was on her monthly menstrual cycle. A review of the record in this case shows that the tow truck was "wiped clean." The police investigator testified that Petitioner's tow-truck cab was "the cleanest cab of a truck that [he] had ever seen." Petitioner has failed to show that he was not afforded the quantity of process to which he was constitutionally entitled. *Id*. Additionally, Petitioner raised this claim in his state habeas petition, which was denied without written order, constituting an adjudication on the merits. *Singleton*, 178 F.3d at 384; *Ex parte Torres*, 943 S.W.2d at 472. Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. State court findings supported by the record are owed deference by a federal district court. *Pondexter*, 346 F.3d at 149-152. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

Copies of Trial Court Records

Petitioner asserts that the denial of copies of his trial court records violates his due process and equal protection rights. However, a review of the record reveals that the Collin County court reporter replied to Petitioner's request for copies of his trial court records, informing him that a copy would be provided him at the copy rate of $1.25 per page. A petitioner is not entitled to free copies of records, and denial of access to trial records is not a basis for equitable tolling. *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975). Petitioner has failed to show that he was not afforded the quantity of process to which he was constitutionally entitled. *Loudermill*, 470 U.S. at 533, 105 S. Ct. at 1489. This issue is meritless.

Post-Conviction DNA Testing

Petitioner claims that his due process rights were violated when he was denied appointment of counsel to assist him in obtaining post-conviction DNA testing. It has already been determined that further DNA testing would not have provided exculpatory evidence; thus, the denial of appointment of counsel to assist in this endeavor can not be considered error. Additionally, federal habeas relief is available only for the vindication of rights existing under federal law – not those existing solely under rules of state procedure. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). A federal habeas court does not review alleged violations of state law, but instead may consider only alleged violations of federal law. *Evans v. McCotter*, 790 F.2d 1232, 1238 n.6 (5th Cir. 1986). Federal courts do not sit as a "super state supreme court" in habeas proceedings. *Cook v. Morrill*, 783 F.2d 593, 596 (5th Cir. 1986).

Petitioner is complaining about state procedural rulings. It had been established that the tow truck had been "wiped clean." Testing on the victim's belongings did not reveal any of Petitioner's

DNA. Further DNA testing was not warranted. A claim concerning the denial of appointment of counsel to assist in obtaining post-conviction DNA testing is a question of state criminal procedure. Petitioner has not raised a federal constitutional violation; thus, this claim must be denied.

### Insufficient Evidence

Petitioner complains that the evidence is insufficient to support his conviction. However, it is well-settled that sufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus in Texas. *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986). The Fifth Circuit has also recognized the same state procedural bar. *West*, 92 F.3d at 1398, n. 18 (sufficiency of the evidence may be raised on direct appeal, but not in a habeas corpus proceeding). Thus, the claim is procedurally barred unless Petitioner has demonstrated cause and prejudice or a miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2565. Petitioner has failed to allege or demonstrate cause and prejudice or a miscarriage of justice. *Id*. Consequently, this claim is procedurally barred from review.

Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

### Actual Innocence

Petitioner claims that he is entitled to relief because he is actually innocent. In *Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed.2d 203 (1993), the Supreme Court held that a claim of actual innocence does not state an independent, substantive constitutional claim and was not a

basis for federal habeas corpus relief. However, it left open whether a truly persuasive actual innocence claim may establish a constitutional violation sufficient to state a claim for habeas relief. *Id.* at 417. The Fifth Circuit has rejected this possibility and held that claims of actual innocence are not cognizable on federal habeas review. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 532 U.S. 915 (2001); *Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998). A claim of actual innocence may not be a basis for federal habeas corpus relief absent an independent federal constitutional violation. *Dowthitt*, 230 F.3d at 741. Petitioner has not shown an independent federal constitutional violation. This Court is required to adhere to Fifth Circuit precedent, thus the actual innocence claim is not a cognizable federal habeas claim. This issue should be denied.

## Conclusion

Petitioner has failed to show that any of his issues have merit. In sum, Petitioner has failed to show that, but for counsel's alleged errors, both individually and collectively, the result of the proceedings would probably have been different. Further, in each of his claims, he has not shown that the State court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams,* 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, this petition should be dismissed. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and Petitioner's case is **DISMISSED** with prejudice. It is further

15

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 21st day of September, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE